IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| STEPHEN GILL, | ) | No. C 09-5072 JSW (PR) |
| Plaintiff, | ) | **ORDER OF TRANSFER** |
| vs. | ) | |
| UNITED STATES OF AMERICA, et al, | ) | (Docket No. 2) |
| Defendants. | ) | |

Plaintiff, a prisoner of the United States currently incarcerated at TCI Camp in Taft, California, has filed this civil rights action under 42 U.S.C. § 1983 against various Iowa state and federal officials for a police vehicle stop and subsequent criminal prosecution in Iowa, which Plaintiff contends was dismissed for the arresting officer's violation of Plaintiff's constitutional rights in making the stop. Plaintiff has filed an application to proceed *in forma pauperis,* which the Clerk of this Court has notified Plaintiff is not complete (docket nos. 2, 3). In the complaint and appended letter, Plaintiff does not identify where in Iowa any of the federal or state officials reside, or the events underlying the complaint occurred, except that he identifies the Defendant United States Attorneys as residing in Des Moines, Iowa.

When jurisdiction is not founded solely on diversity, venue is proper in the district in which (1) any defendant resides, if all of the defendants reside in the same state, (2) the district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). Where a

case is filed in the wrong venue, the district court has the discretion either to dismiss the case or transfer it to the proper federal court "in the interest of justice." 28 U.S.C. § 1406(a). Venue may be raised by the court sua sponte where the defendant has not yet filed a responsive pleading and the time for doing so has not run. *Costlow v. Weeks,* 790 F.2d 1486, 1488 (9th Cir. 1986).

Plaintiff brings his claims involving some Defendants who reside within the venue of the Southern District of Iowa, in a case where all Defendants reside in the State of Iowa. *See* 28 U.S.C. § 95(b)(2). Accordingly, IT IS ORDERED in the interest of justice, and pursuant to 28 U.S.C. § 1406(a), that this action be TRANSFERRED to the United States District Court for the Southern District of Iowa. In light of the transfer, the Court will not address Plaintiff's motion (docket no. 2). The Clerk of the Court shall transfer this matter forthwith.

IT IS SO ORDERED.

DATED: November 2, 2009

JEFFREY S. WHITE
United States District Judge